■ ALLEN THOMPSON, Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.—Order of the respondent New York State Human Rights Appeal Board, dated March 7, 1979, confirmed and proceeding dismissed on the merits, without costs or disbursements. No opinion. Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.

■ MORTIMER WANDER, Appellant, v WHITE HOUSE FURS, INC., et al., Respondents.—In an action on two promissory notes, the plaintiff appeals from an order of the Supreme Court, Rockland County, dated May 7, 1979, which denied his motion for summary judgment. Order affirmed, with $50 costs and disbursements. We have reviewed the additional evidence presented by plaintiff (as well as by defendants) on his second motion for summary judgment, but again find that there are issues of fact requiring trial. Therefore, summary judgment may not be granted to plaintiff against any of the defendants. Damiani, J. P., O'Connor, Lazer and Margett, JJ., concur.

■ In the Matter of the Estate of WACELLA AJAR, Deceased. ALBERT AJAR et al., Respondents; KATHERINE AJAR et al., Appellants.—Appeal from an order of the Surrogate's Court, Kings County, dated April 11, 1979, which, *inter alia,* approved the sale of the decedent's home to one E. Gill Agee, Jr. The appeal brings up for review a further order of the same court, dated July 16, 1979, which although denoted as involving a motion for reargument, actually involved a motion to renew. Said motion was denied. Orders dated April 11, 1979 and July 16, 1979, affirmed, with one bill of $50 costs and disbursements payable by the appellants to the respondents appearing separately and filing separate briefs. No opinion. Titone, J. P., Cohalan, Martuscello and Gibbons, JJ., concur.

■ In the Matter of HELEN BEHRENS, Individually and on Behalf of Her Infant Children, SUSAN BEHRENS and Others, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Department of Social Services, dated May 25, 1978 and made after a statutory fair hearing, which affirmed a determination of the local agency to discontinue a grant of aid to dependent children. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. In our opinion the determination was supported by substantial evidence. Hopkins, J. P., O'Connor, Lazer and Margett, JJ., concur.