■ JEANETTE FILBY, Formerly Known as JEANETTE DOERLER, Respondent, v RUSSELL E. BROOKS et al., Appellants. — In an action for a permanent injunction, defendants appeal from an order of the Supreme Court, Suffolk County (Geiler, J.), dated February 2, 1984, which denied their motion for summary judgment.

Order modified, on the law, by adding a provision granting summary judgment to the plaintiff. As so modified, order affirmed, without costs or disbursements, and matter remitted to Special Term for entry of an appropriate judgment in accordance herewith.

This case involves a dispute between neighbors who reside on a street in Huntington, New York. Plaintiff resides at 25 Flower Hill Road. Flower Hill Road runs generally in an east-west direction, and plaintiff, as well as the defendants, reside in houses which abut the northern edge of the road. The first house to the east of plaintiff's is 29 Flower Hill Road, the current owner of which is not a party to this action. Defendants Donald

and Stacy H. Novick reside at 33 Flower Hill Road, also to the east of plaintiff and defendants Russell E. and Patricia A. Brooks reside at 35 Flower Hill Road, to the east of the Novicks.

It is undisputed that when plaintiff purchased her house in 1967, she was aware of a barrier across Flower Hill Road, located to the *east* of the Brooks' residence, which completely obstructed automobile (but not pedestrian) traffic in an eastbound direction. Plaintiff admittedly never objected to the barrier while it was in that position. However, it appears that on October 31, 1981, the barrier was moved westward, to a position just west of 29 Flower Hill Road, and just east of plaintiff's house. Plaintiff expressed an objection to the barrier's new position at least as early as Thanksgiving weekend of 1981. It appears that only defendant Donald Novick (aided by nonparties) participated in the actual movement of the barrier.

The barrier, in its current position, prevents the plaintiff from driving eastward to obtain egress from her home, just as the barrier in its old position had done. Plaintiff admittedly can gain egress from her home via Flower Hill Road in a westward direction. Defendants, previously unable to do so, may now obtain egress by driving east, while plaintiff does not have access to that route.

Plaintiff relies on an easement, purportedly granted by the Country Investing Company to her predecessor in title by indenture dated October 18, 1951. This grant purports to convey an easement "easterly to the end of Woodland Road [now Flower Hill Road]". She claims that defendants' interference with said easement entitles her to injunctive relief.

Defendants moved for summary judgment, alleging that no triable issues of fact exist, and, in opposition, plaintiff requested summary judgment pursuant to CPLR 3212 (subd [b]).

The Brooks argued that they are the owners, by grant, of the portion of Flower Hill Road in front of their house. The Novicks made no similar claim; indeed, they submitted no affidavit at all. Of course, no evidence was submitted by the nonparty resident of 29 Flower Hill Road. The Brooks argued that their title insurance report makes no mention of plaintiff's supposed easement for easterly egress, but did not controvert the formal validity of the grant of such easement. Also, the Brooks did not submit any evidence that Country Investing Company's grant of said easement was invalid, other than to argue that, according to a recitation in the grant itself, that company was dissolved on the date of the grant. The issue as to the validity of the easement is not raised on this appeal. On appeal, the Brooks argue that plaintiff has abandoned her easement, that the easement was

extinguished by adverse possession and that the action is time barred. We reject these arguments and, as provided in CPLR 3212 (subd [b]), have searched the record before us, and determined that the plaintiff is entitled to summary judgment directing that the barrier be removed from its current location.

A dissolved corporation retains the power to wind up its affairs (Business Corporation Law, § 1005), which includes the power to transfer an interest in real property (*Northern Props. v Kuf Realty Corp.*, 30 Misc 2d 1, 4). Thus, Country Investing Company's grant of an easement to plaintiff's predecessor in title is not, on that ground alone, invalid. This issue has, at any rate, been abandoned by the defendants' failure to pursue it on this appeal, and we must conclude on the basis of the record before us that plaintiff indeed owns an easement extending east to the end of Flower Hill Road.

Turning to the issues raised on appeal, we address first the defendants' argument based on the Statute of Limitations. An action for a permanent injunction to remove an obstruction which interferes with an affirmative easement is governed by the six-year Statute of Limitations contained in CPLR 213 (subd 1) (*Rahabi v Morrison*, 81 AD2d 434). In this case, it is apparent that although a barrier has existed for more than six years, said barrier was moved on October 31, 1981 in such a way as to cause "a different [and] more extensive violation" of the plaintiff's easement (*Rahabi v Morrison, supra,* p 441). Plaintiff's cause of action, therefore, accrued as of that date, and thus, her claim was interposed in a timely manner.

The defendants' claim that plaintiff's easement has been extinguished because of adverse possession is equally unfounded. Where an easement of ingress or egress has been created by grant, but no occasion has arisen for its use, the owner of the servient tenement may obstruct the easement, and such use will not be deemed adverse to the existence of the easement until (1) such time as the need for the right of way arises, (2) a demand is made by the easement owner that the way be opened, and (3) the servient tenant refuses (*Castle Assoc. v Schwartz*, 63 AD2d 481, 490). In this case, the first of those conditions has not been met insofar as it is conceded that egress from the plaintiff's home can be obtained, without significant difficulty and indeed, with apparently greater ease, by driving *west*. No need to use the easement in an eastward direction has ever arisen.

For the same reason, the defendants' claim that plaintiff has abandoned her easement must also fail. It is axiomatic that an easement obtained by grant cannot be deemed abandoned because of mere nonuse (*Snell v Levitt,* 110 NY 595; *Welsh v*

*Taylor,* 134 NY 450; *Hennessy v Murdock,* 137 NY 317; *Castle Assoc. v Schwartz, supra).* An easement, whether acquired by grant or prescription, is not extinguished by the habitual use by its owner of another equally convenient way, unless there is an intentional abandonment of the former way (25 Am Jur 2d, Easements and Licenses, § 105). While the question of intent is normally a question of fact for a jury (*Hennessy v Murdock, supra,* p 325; *Heughes v Galusha Stove Co.,* 133 App Div 814), defendants have failed to offer the slightest evidence of any act on the part of the plaintiff which would indicate an intent to abandon the easement (cf. *Albanese v Dominianni,* 281 App Div 768, where the plaintiff himself erected the barrier which obstructed his own easement) while plaintiff, in her affidavit, denies any such intent.

The record before us, therefore, impels us to conclude that plaintiff is entitled to summary judgment, but only to the extent of directing the removal of the barrier now obstructing her right of way. Insofar as she seeks to compel defendants to restore the barrier to its former position, plaintiff has set forth no legal basis for such relief.

The parties are directed to settle a judgment, on notice, providing for the removal of the barrier from its current position, and the costs thereof, if any, to be borne by the defendants, and the matter is remitted to Special Term for this purpose. Boyers, J. P., Rubin, Lawrence and Eiber, JJ., concur.