(October 23, 1989)

■ E. GILL AGEE, Respondent, v ALBERT AJAR, as Administrator of the Estate of WACELLA AJAR, Deceased, et al., Appellants-Respondents, and CHARLES AJAR et al., Respondents-Appellants.—In an action for specific performance of a contract to sell real property, the defendant Albert Ajar and the defendants Katherine Ajar and Rose Ajar separately appeal, as limited by their briefs, from stated portions of an order and judgment (one paper) of the Supreme Court, Kings County (Williams, J.), dated April 21, 1988, which, inter alia, granted the plaintiff's motion for summary judgment, and the defendants Charles Ajar, Mary Ajar, William Ajar and Margaret Barouity appeal from so much of the same order and judgment as denied their cross motion for summary judgment dismissing the complaint as against them.

Ordered that the order and judgment is modified, on the law, (1) by deleting the decretal paragraphs numbered 1 through 8, and substituting therefor a provision denying the plaintiff's motion for summary judgment in its entirety, and (2) by deleting the ninth decretal paragraph and substituting therefor a provision granting the cross motion of the defendants Charles Ajar, Mary Ajar, William Ajar and Margaret Barouity for summary judgment dismissing the complaint

insofar as it is asserted against them and the action against the remaining defendants is severed; as so modified, the order and judgment is affirmed, with one bill of costs to the defendants appearing separately and filing separate briefs payable by the plaintiff.

On September 28, 1978, the defendant Albert Ajar, acting as the administrator of the estate of Wacella Ajar, agreed to convey certain property to the plaintiff. The closing was originally scheduled for December 28, 1978. However, as a result of an objection to the sale filed by the defendant Katherine Ajar, one of the decedent's distributees, the Surrogate did not approve the sale until April 1979. In November 1979, this court affirmed the decree of the Surrogate which approved the sale (Matter of Ajar, 72 AD2d 766).

For reasons which are not clear from the present record, Katherine Ajar and Rose Ajar, another distributee, were unwilling or unable to vacate the first floor of the subject premises, although Katherine Ajar had been ordered by the Surrogate to do so prior to May 15, 1979. It was apparently the continued presence of Katherine and Rose Ajar in the first-floor apartment that led the plaintiff to refuse Albert Ajar's attempt to arrange for a closing in April 1980. Albert Ajar's attorneys later attempted to arrange for a closing, and these attempts are reflected in two letters, one dated December 8, 1980 and one dated January 8, 1981. In both of these letters, the plaintiff's attorneys were advised that the first floor was vacant. After the plaintiff failed to close in accordance with these requests, Albert Ajar terminated the contract for the sale of the subject premises.

The plaintiff brought an action for specific performance against Albert Ajar only. The plaintiff subsequently made a motion for summary judgment directing specific performance of the contract of sale which was denied by the Supreme Court on August 30, 1985. The Supreme Court, in its order dated August 30, 1985, also granted the plaintiff leave to renew his motion after the joinder of Katherine Ajar as a party defendant since it appeared that the subject property had been conveyed to Katherine and/or Rose Ajar on or about February 17, 1981, shortly after Albert Ajar had purportedly terminated the contract of sale with the plaintiff. The memorandum decision issued in connection with the Supreme Court's order denying summary judgment contains dicta which could be construed as indicating that summary judgment would be granted once Katherine Ajar had been joined.

This court affirmed the Supreme Court's order without opinion *(Agee v Ajar,* 124 AD2d 1078).

The plaintiff then purported to add Rose and Katherine Ajar, as well as four other distributees of the estate of Wacella Ajar, as defendants, whereupon he "renewed" his motion for summary judgment. The Supreme Court granted summary judgment directing specific performance of the contract of sale between the plaintiff and Albert Ajar. We find that the award of summary judgment was inappropriate and modify the order and judgment appealed from accordingly.

The plaintiff argues that the doctrine of law of the case requires affirmance. This argument is clearly incorrect. Our previous decision and order in *Agee v Ajar* (124 AD2d 1078, *supra)* was premised on nothing more than a finding that an award of summary judgment to the plaintiff was not appropriate; this court did not necessarily approve of any dicta embodied in the decision which might possibly be construed as a statement that summary judgment would be appropriate after the joinder of Katherine and Rose Ajar had been accomplished. Moreover, it is clear that Katherine and Rose Ajar are not bound by anything contained in the Supreme Court's memorandum decision and order since, at that time, they were not parties to the action and had not been afforded an opportunity to be heard.

Turning to the merits, we find that there are numerous issues of fact which preclude the granting of summary judgment in favor of the plaintiff. We also find that the cross motion for summary judgment dismissing the complaint made by the four additional distributees of the estate (Charles, Mary and William Ajar, and Margaret Barouity) should have been granted. They were not parties to the 1978 contract of sale and cannot be liable in damages for its breach, nor do they currently possess any interest whatsoever in the subject property. The plaintiff has failed to demonstrate the existence of any valid cause of action against them.

Also, since the submissions of Rose and Katherine Ajar fail to reveal the existence of any basis for their cross claims against these four additional distributees, that portion of the order and judgment which granted their cross motion to the extent of dismissing these cross claims is affirmed. We note, in this respect, that the defendants Rose and Katherine Ajar, by failing to address the propriety of the dismissal of these cross claims in their briefs on appeal, have in effect abandoned their appeal from this aspect of the court's order and judg-

ment *(see generally, Filby v Brooks,* 105 AD2d 826, *affd* 66 NY2d 640; *Town of Islip v Cuomo,* 147 AD2d 56, 68; *Lamphear v State of New York,* 91 AD2d 791; 10 Carmody-Wait 2d, NY Prac §§ 70:422, 70:423, at 692-695 [and cases cited]). The order and judgment appealed from is modified accordingly. Thompson, J. P., Bracken, Kunzeman and Rubin, JJ., concur.