sustained by plaintiff. Plaintiff's complaint is therefore dismissed without prejudice to re-serve the complaint accompanied by the required certificate of merit (see, CPLR 205 [a]; *Kerns v Panahon,* 158 AD2d 936; *Matter of Prince v State of New York, supra).* (Appeal from order of Supreme Court, Niagara County, Gossel, J.—dismiss complaint.) Present—Dillon, P. J., Doerr, Boomer, Lawton and Davis, JJ.

■ In the Matter of the Estate of ROBERTA W. SEAMAN, Deceased. CHARLOTTE L. GAYNOR, Appellant; WILLIAM H. BAXTER et al., Respondents.—Order unanimously affirmed without costs for reasons stated in decision at Onondaga County Surrogate's Court, Wells, S. (Appeal from order of Onondaga County Surrogate's Court, Wells, S.—estate administration.) Present—Dillon, P. J., Doerr, Boomer, Lawton and Davis, JJ. *[See,* 144 Misc 2d 84.]

■ In the Matter of the Estate of ROBERTA W. SEAMAN, Deceased. CHARLOTTE L. GAYNOR, Appellant; WILLIAM H. BAXTER et al., Respondents.—Appeal unanimously dismissed without costs (see, Agee v Ajar, 154 AD2d 569). (Appeal from decree of Onondaga County Surrogate's Court, Wells, S.—testamentary letters.) Present—Dillon, P. J., Doerr, Boomer, Lawton and Davis, JJ.

■ DOUGLAS J. LINDSAY et al., Plaintiffs, v STEVEN I. POTTER, Defendant. DOUGLAS J. LINDSAY et al., Appellants, v WILLIAM F. CANE, Doing Business as LEXINGTON AVENUE INN, Respondent.—Order and judgment unanimously reversed on the law with costs and motion denied. Memorandum: Summary judgment was improperly granted to defendant Cane, doing business as Lexington Avenue Inn. To prevail on a motion for summary judgment, defendant must establish his defense "sufficiently to warrant the court as a matter of law in directing judgment" in his favor (CPLR 3212 [b]; *Iselin & Co. v Mann Judd Landau,* 71 NY2d 420, 425). Upon review of the record, we find that defendant Cane failed to establish, as a matter of law, that a prohibited sale of alcoholic beverages was not made to defendant Potter in the Lexington Avenue Inn on December 15, 1985 (see, Alcoholic Beverage Control Law § 65 [former (2)]). (Appeal from order and judgment of Supreme Court, Monroe County, Patlow, J.—summary judgment.) Present—Dillon, P. J., Doerr, Boomer, Lawton and Davis, JJ.

■ KATHERINE HARRIS, Respondent, v S & P MANAGEMENT CORPORATION et al., Appellants.—Order unanimously reversed