■ PAMELA McGOWAN, Appellant, v VILLA MARIA COLLEGE, Respondent.—Order unanimously reversed on the law without costs, motion denied and complaint reinstated. Memorandum: Plaintiff sustained injuries when she fell on a marble wheelchair ramp leading to the cafeteria at defendant college. She alleged two theories of liability: that defendant allowed various substances to accumulate on the ramp and that the ramp was defectively designed.

Defendant moved for summary judgment on the grounds that defendant had no notice of a dangerous condition and that the ramp was not defectively designed. In support of its motion for summary judgment, defendant submitted only an attorney's affidavit which made reference to portions of plaintiff's EBT testimony. The court erred in granting the motion. "A defendant moving for summary judgment has the initial burden of coming forward with admissible evidence, such as affidavits by persons having knowledge of the facts * * * and showing that the cause of action has no merit" (GTF Mktg. v Colonial Aluminum Sales, 66 NY2d 965, 967; see also, Iselin & Co. v Mann Judd Landau, 71 NY2d 420; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Lindsay v Potter, 163 AD2d 870). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (Winegrad v New York Univ. Med. Ctr., supra, at 853). An affidavit or affirmation of counsel without personal knowledge of the facts is an insufficient evidentiary showing and cannot form the basis for a grant of summary judgment (see, GTF Mktg. v Colonial Aluminum Sales, supra; Zuckerman v City of New York, 49 NY2d 557, 563).

Defendant failed to submit proof in admissible form to

demonstrate that it had no notice of a defective condition. Moreover, on its motion for summary judgment, it was defendant's burden to prove that, as a matter of law, the ramp was not defectively designed *(see, Eisenhart v The Marketplace,* 176 AD2d 1220). Defendant's submissions were inadequate to entitle it to summary judgment. (Appeal from Order of Supreme Court, Erie County, Fallon, J.—Summary Judgment.) Present—Denman, P. J., Pine, Balio, Lawton and Doerr, JJ.