**COLUMBIA GAS TRANSMISSION CORPORATION, Plaintiff,**

**v.**

**Lynn BISHOP and Floyd Washburn and Cindy Washburn, Defendants.**

**No. CIV–90–1311T.**

United States District Court,
W.D. New York.

Sept. 9, 1992.

Richard T. Sullivan, Albrecht, Maguire, Heffern & Gregg, P.C., Buffalo, NY, James M. Hayes, Hinman, Howard & Kattell, Binghamton, NY, Harry Bruner, Columbia Gas Transmission Corp., Charleston, WV, for plaintiff.

Daniel R. Taylor, Taylor & Taylor, Penn Yan, NY, for defendants.

## DECISION AND ORDER

TELESCA, Chief Judge.

## BACKGROUND

This diversity action arises from a dispute concerning the extent of plaintiff's easement over land which is located in Schuyler County and owned by one of the defendants, Lynn Bishop ("Bishop"). Columbia Gas is a Delaware corporation with

its principal place of business in West Virginia. The defendants are citizens of New York State.

The plaintiff utility company ("Columbia Gas") seeks to permanently enjoin defendants from locating residences and other buildings and appurtenances within 200 feet of its right of way for a natural gas well. The easement conveyance was signed in 1960; plaintiff paid $1100 to the former owner of the land for the easement. Defendant Bishop presently has two house trailers located within 200 feet of the right of way, one of which he occupies and one of which he rents out to defendants Floyd and Cindy Washburn. The Washburns reside in the trailer with their small children, one of whom is deaf. The rented trailer is 52 feet from the wellhead, with its septic system even closer (36 feet). Plaintiff states that the proximity of these residences and the septic system to the wellhead, with its potential for explosion and/or release of poisonous gases, compels the relocation of the trailers and of their appurtenances, including the septic system.

Plaintiff originally moved for summary judgment in July 1991. Upon the representations of the parties that settlement negotiations were ongoing, no decision on the motion issued. In April 1992, the parties represented to the Court that the case was settled and the case was accordingly dismissed.

Plaintiff now moves to reopen the case and asks the Court to determine its motion for summary judgment. Defendant opposes the motion, essentially arguing that this Court lacks diversity jurisdiction over the case because, while Columbia Gas is a Delaware corporation with its principal place of business in West Virginia, it is "doing business" in New York State. Under a plain reading of the diversity statute, this argument is too specious to warrant comment.[1] *See* 28 U.S.C. § 1332(c); *see, e.g., Wear–Ever Aluminum, Inc. v. Sipos*, 184 F.Supp. 364, 366 (S.D.N.Y.1960) (Mere fact that corporation does business in a state has no affect on its citizenship for purposes of diversity.)

Neither party moves to enforce the settlement agreement, which would provide an alternate remedy. Plaintiff's motion papers indicate that the parties disputed whether the settlement required the defendant to remove only the house trailers *or* the house trailers *and* the septic system.

The case is properly before this Court pursuant to its diversity jurisdiction. The settlement having failed, I find it appropriate to reopen the case and to consider the merits of plaintiff's motion for summary judgment.

Columbia Gas moves for summary judgment, asserting its right to preclude defendants' present use of the land as a matter of law, based on the language of the easement which provides that plaintiff has not only exclusive mineral and gas rights but also the right

> to exercise all such other rights thereon as [plaintiff] deems necessary or convenient for carrying on the aforementioned gas operations, including the right of ingress, egress and regress to and from said land ... (emphasis added).

In support of its motion Columbia Gas has submitted the affidavits of four of its employees to the effect that the trailers have only recently been placed on the land and that their presence not only will make repair/maintenance of the wellhead difficult/impossible but also may pose a real danger to their occupants.

In opposition to the summary judgment motion defendant Bishop states that he has owned the property since 1984, and in that time plaintiff has only maintained a 50 foot radius around the wellhead, a boundary with which he has never interfered. Moreover, the easement does not expressly prohibit the use to which he is presently putting his land. Finally, he argues that he has had no opportunity for discovery and that the opinions of plaintiff's employees

---

1. Notwithstanding the very obvious error of defendant's argument, I received no indication during the course of this case that defendant's attorney had misled either his client or opposing counsel on this point, and I therefore decline to consider the *sua sponte* imposition of sanctions under Fed.R.Civ.P. 11.

concerning the dangers of proximity to the wellhead require such discovery. He does not, however, indicate to the Court that he at any time actively sought such discovery nor does he submit any other evidence which disputes plaintiff's allegations that the present situation is both inconvenient and unsafe.

## DISCUSSION

The general rule is that one who owns land subject to an easement has a right to use that land in any way not inconsistent with the easement and that the extent of the easement claimed must be determined by the true construction of the grant which is created, aided by any surrounding circumstances which have a legitimate tendency to show the intentions of the parties. While

> it is difficult, if not impossible, to lay down a clear and definite line of use which shall enable the parties always to determine what may be considered a proper and reasonable use, as distinguished from an unreasonable and improper one, and such questions must ... usually [be] left to [the trier of fact.]"
> *Herman v. Roberts*, 119 N.Y. 37, 23 N.E. 442 (1890),

the terms of an easement are to be construed against the grantor in determining the extent of the easement. *Phillips v. Jacobsen*, 117 A.D.2d 785, 786 (2d Dept. 1986).

In this case, plaintiff purchased with its easement a right to convenient access to the wellhead; it has submitted undisputed affidavit testimony that the placement of the trailers and the septic system renders access to the wellhead, for repairs and other purposes, inconvenient. Defendant does not dispute that testimony, nor would the discovery he seeks concerning the safety of the placement of the trailers address this issue.

Finally, defendant can not argue that plaintiff has, by custom, limited the easement to a 50 foot radius of the wellhead; it is axiomatic that an easement obtained by grant can not be extinguished by mere nonuse. *Snell v. Levitt*, 110 N.Y.

595, 18 N.E. 370 (1888). The owner of an easement of convenient access may find that "convenience" changes with time and with changing circumstances; his former practice does not preclude a changed exercise of the easement. *See Filby v. Brooks*, 105 A.D.2d 826, 829, 481 N.Y.S.2d 865 (2d Dept.1984), *aff'd.*, 66 N.Y.2d 640, 495 N.Y.S.2d 362, 485 N.E.2d 1027 (1985) (Where easement of ingress or egress has been created by grant, and no occasion for its full use has arisen, the owner of servient tenement may obstruct easement *until such time as owner of easement demands to exercise easement fully.*)

WHEREFORE, the order of this Court, filed April 3, 1992, dismissing this action is hereby vacated; the action is reopened; and plaintiff's motion for summary judgment is granted. Defendant Bishop is enjoined to remove, at his own expense, and on or before October 9, 1992, the trailers, septic systems, and sand filter systems to a distance at least 200 feet from the wellhead and is further enjoined from locating any other structure or other encroachment, above or below ground level, within 200 feet from such wellhead.

ALL OF THE ABOVE IS SO ORDERED.