ANTHONY FOTI et al., Appellants, v ROBERT ROMEYN NOFTSIER, JR., et al., Respondents. [901 NYS2d 434]—

Appeal from an order of the Supreme Court, Lewis County (Joseph D. McGuire, J.), entered February 27, 2009 in an action pursuant to RPAPL article 15. The order denied the motion of plaintiffs for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs own parcels of property that are bisected by a river, the parcels north of which are separated from the nearest road by properties owned by the Noftsier defendants. The parcel south of the river is separated from the nearest road by property owned by the Tabolt defendants. We conclude that Supreme Court properly denied the motion of plaintiffs for summary judgment, seeking a declaration granting them an easement by necessity over defendants' property, "with the exact location of the easement to be held in abeyance pending negotiations between the parties."

We note at the outset that, although it appears that the court concluded in its order that plaintiffs' action is time-barred, the court did not in fact dismiss the action. With respect to the Noftsier defendants, they did not contend that the action was time-barred either in a pre-answer motion to dismiss the action or in their amended answer, and we therefore conclude that they waived that defense (see CPLR 3211 [a] [5]; [e]). The Tabolt defendants, however, timely raised that defense in their amended answer. In view of the fact that all of the parties have addressed on appeal the issue whether the action is time-barred, we too address it in the interest of judicial economy. We conclude that there is an issue of fact whether the action is in fact time-barred, and thus that the court properly did not ultimately dismiss the action against the Tabolt defendants on that ground. "[G]enerally, the period of limitations to be applied should

depend upon the form of the remedy [sought] rather than the theory of liability" (*Rahabi v Morrison*, 81 AD2d 434, 439 [1981]; *see Matter of Paver & Wildfoerster [Catholic High School Assn.]*, 38 NY2d 669, 676 [1976]). Here, in their amended complaint plaintiffs seek, inter alia, relief in the form of an injunction, i.e., to enjoin defendants from interfering with their use of their easements by necessity, and "the equitable remedy of injunction . . . is governed by the six-year period" of CPLR 213 (1) (*Rahabi*, 81 AD2d at 439; *see Filby v Brooks*, 105 AD2d 826, 828 [1984], *affd* 66 NY2d 640 [1985]).

We reject plaintiffs' contention that there was a continuous interference on the part of the Tabolt defendants, inasmuch as there was neither a physical obstruction of nor an interference with plaintiffs' alleged easement of necessity (*cf. Filby*, 105 AD2d at 828; *see generally Bloomingdales, Inc. v New York City Tr. Auth.*, 13 NY3d 61, 64-65 [2009]; *Castle Assoc. v Schwartz*, 63 AD2d 481, 488 [1978]). Here, plaintiffs had no cause of action for an injunction against the Tabolt defendants until those defendants interfered with plaintiffs' alleged right to use the property of the Tabolt defendants for egress or ingress to their own parcels (*see Filby*, 105 AD2d at 828; *Castle Assoc.*, 63 AD2d at 488). In an affidavit submitted in support of plaintiffs' motion, plaintiff Anthony Foti averred that plaintiffs demanded and were denied access across the Tabolt defendants' property in the year 2000 and several times thereafter. Although plaintiffs' request for injunctive relief based on the year 2000 demand would be barred by the six-year statute of limitations (*see* CPLR 213 [1]; *Rahabi*, 81 AD2d at 439), each subsequent demand and denial would give rise to a new cause of action for injunctive relief (*see Filby*, 105 AD2d at 828). The record does not establish when plaintiffs made those subsequent demands following the demand in the year 2000, and thus the issue whether plaintiffs' action against the Tabolt defendants is time-barred cannot be determined as a matter of law on the record before us.

We further conclude that the court properly denied plaintiffs' motion against both the Noftsier and Tabolt defendants on the merits. In order to establish the existence of an easement by necessity, plaintiffs were required to prove by clear and convincing evidence "unity [and the subsequent separation] of title and, further, that at the time of severance [in 1904] an easement over defendants' property was absolutely necessary in order to obtain access to plaintiff[s'] land" (*Astwood v Bachinsky*, 186 AD2d 949, 950 [1992]; *see generally Palmer v Palmer*, 150 NY 139, 146-147 [1896]). As plaintiffs correctly concede, the avail-

ability of access to their property by a navigable waterway would defeat their entitlement to easements by necessity (*see McQuinn v Tantalo*, 41 AD2d 575 [1973], *lv denied* 32 NY2d 610 [1973]; *Bauman v Wagner*, 146 App Div 191, 196 [1911]). Inasmuch as the existence and extent of an easement by necessity is determined based on the circumstances as they existed at the time of severance (*see Wolfe v Belzer*, 184 AD2d 691 [1992]; *Robinson v Byrne*, 278 App Div 783 [1951]), we reject plaintiffs' contention that evidence that the river in question was not navigable subsequent to the severance of the parcels in 1904 is relevant. Further, the 1893 property deeds submitted by plaintiffs in support of their motion provide no legible facts from which to infer that the river in question was not in fact navigable in 1904. Present—Centra, J.P., Carni, Lindley, Green and Gorski, JJ.