■ VERIZON NEW YORK INC., Respondent, v ECSM UTILITY CONTRACTORS, INC., Appellant. (Appeal No. 2.) [935 NYS2d 420]—

Memorandum: This dispute arises from 45 separate incidents of property damage that occurred over the course of 16 months and across 17 different counties in New York State. Plaintiff hired defendant to locate and mark its underground telephone cables before any contractors began to conduct excavation work. On 45 different occasions, various contractors damaged plaintiff's underground facilities, which plaintiff claims defendant did not accurately mark.

Plaintiff thereafter commenced this action asserting causes of action for negligence and breach of contract based on 45 claims. Defendant's appeal from the judgment entered against it in the amount of over $300,000 brings up for our review its contention that Supreme Court erred in granting those parts of plaintiff's motion for summary judgment on the complaint with respect to 33 of the 45 claims and in denying defendant's cross motion for summary judgment dismissing the complaint or for alternative relief. As noted by the court in the amended order deciding plaintiff's motion and defendant's cross motion, plaintiff withdrew the action with respect to the 12 remaining claims.

We conclude that the court erred in granting those parts of

plaintiff's motion concerning the first cause of action, for negligence, and instead should have granted that part of defendant's cross motion for summary judgment dismissing that cause of action. We therefore modify the judgment accordingly. As we noted in *Verizon New York, Inc. v Barlam Constr. Co.* ([appeal No. 2] 90 AD3d 1537 [2011]), New York does not recognize negligent performance of a contract as a valid cause of action (*see Sommer v Federal Signal Corp.*, 79 NY2d 540, 551 [1992]; *Gallup v Summerset Homes, LLC*, 82 AD3d 1658, 1660 [2011]).

With respect to the breach of contract cause of action, plaintiff failed to meet its initial burden of proof entitling it to summary judgment with respect to the 33 claims (*see generally Zuckerman v City of New* York, 49 NY2d 557, 562 [1980]). Plaintiff may not rely on its attorney's affirmation because the attorney does not have personal knowledge of the material facts (*see McGowan v Villa Maria Coll.*, 185 AD2d 674 [1992]). In addition, as in *Verizon New York, Inc. v Barlam Constr. Co.* ([appeal No. 2] 90 AD3d at 1538), plaintiff failed to produce the original agreement between the parties or to provide a sufficient explanation for its absence along with secondary evidence of contents in accordance with the best evidence rule, which is necessary where the terms of the agreement are disputed and the plaintiff seeks to prove those terms (*see Schozer v William Penn Life Ins. Co. of N.Y.*, 84 NY2d 639, 643-644 [1994]). We thus conclude that the court also erred in granting in part plaintiff's motion with respect to the second cause of action, for breach of contract, and we therefore further modify the judgment by denying plaintiff's motion in its entirety. We have considered the remaining contentions of the parties and conclude that they are without merit. Present—Smith, J.P., Peradotto, Lindley, Green and Martoche, JJ.