# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1346**

**CA 11-00533**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, GREEN, AND MARTOCHE, JJ.

---

VERIZON NEW YORK INC., PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ECSM UTILITY CONTRACTORS, INC.,
DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

DOBSHINSKY & PRIYA, LLC, NEW YORK CITY (NEAL S. DOBSHINSKY OF
COUNSEL), FOR DEFENDANT-APPELLANT.

SOLOMON AND SOLOMON, P.C., ALBANY (TODD M. SARDELLA OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

-----------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Onondaga County
(Deborah H. Karalunas, J.), entered December 16, 2010. The judgment
awarded plaintiff money damages.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by denying plaintiff's motion for
summary judgment in its entirety, vacating the award of damages, and
granting that part of defendant's cross motion for summary judgment
dismissing the negligence cause of action and dismissing that cause of
action and as modified the judgment is affirmed without costs.

Memorandum: This dispute arises from 45 separate incidents of
property damage that occurred over the course of 16 months and across
17 different counties in New York State. Plaintiff hired defendant to
locate and mark its underground telephone cables before any
contractors began to conduct excavation work. On 45 different
occasions, various contractors damaged plaintiff's underground
facilities, which plaintiff claims defendant did not accurately mark.

Plaintiff thereafter commenced this action asserting causes of
action for negligence and breach of contract based on 45 claims.
Defendant's appeal from the judgment entered against it in the amount
of over $300,000 brings up for our review its contention that Supreme
Court erred in granting those parts of plaintiff's motion for summary
judgment on the complaint with respect to 33 of the 45 claims and in
denying defendant's cross motion for summary judgment dismissing the
complaint or for alternative relief. As noted by the court in the
amended order deciding plaintiff's motion and defendant's cross
motion, plaintiff withdrew the action with respect to the 12 remaining
claims.

We conclude that the court erred in granting those parts of plaintiff's motion concerning the first cause of action, for negligence, and instead should have granted that part of defendant's cross motion for summary judgment dismissing that cause of action. We therefore modify the judgment accordingly. As we noted in *Verizon New York, Inc. v Barlam Constr. Co.* ([appeal No. 2] ___ AD3d ___ [Dec. 23, 2011]), New York does not recognize negligent performance of a contract as a valid cause of action (*see Sommer v Federal Signal Corp.*, 79 NY2d 540, 551; *Gallup v Summerset Homes, LLC*, 82 AD3d 1658, 1660).

With respect to the breach of contract cause of action, plaintiff failed to meet its initial burden of proof entitling it to summary judgment with respect to the 33 claims (*see generally Zuckerman v City of New* York, 49 NY2d 557, 562). Plaintiff may not rely on its attorney's affirmation because the attorney does not have personal knowledge of the material facts (*see McGowan v Villa Maria Coll.*, 185 AD2d 674). In addition, as in *Verizon New York, Inc. v Barlam Constr. Co.* ([appeal No. 2] ___ AD3d at ___), plaintiff failed to produce the original agreement between the parties or to provide a sufficient explanation for its absence along with secondary evidence of contents in accordance with the best evidence rule, which is necessary where the terms of the agreement are disputed and the plaintiff seeks to prove those terms (*see Schozer v William Penn Life Ins. Co. of N.Y.*, 84 NY2d 639, 643-644). We thus conclude that the court also erred in granting in part plaintiff's motion with respect to the second cause of action, for breach of contract, and we therefore further modify the judgment by denying plaintiff's motion in its entirety. We have considered the remaining contentions of the parties and conclude that they are without merit.

Entered:  December 23, 2011                    Frances E. Cafarell
                                               Clerk of the Court