[877 NE2d 1288, 847 NYS2d 511]

JOHN E. SIMONE et al., Appellants, v JAY J. HEIDELBERG et al., Respondents.

Argued October 9, 2007; decided November 15, 2007

**POINTS OF COUNSEL**

*Daniel D. Leddy, Jr.,* Staten Island, for appellants. I. The easement extinguished by merger was not re-created de novo. (*Castle Assoc. v Schwartz,* 63 AD2d 481; *Riccio v De Marco,* 188 AD2d 847; *Seebaugh v Borruso,* 220 AD2d 573; *Witter v Taggart,* 78 NY2d 234; *Puchalski v Wedemeyer,* 185 AD2d 563; *Parsons v Johnson,* 68 NY 62; *Buffalo Academy of Sacred Heart v Boehm Bros.,* 267 NY 242.) II. The easement was abandoned as a matter of law. (*De Jong v Abphill Assoc.,* 121 AD2d 678; *Gerbig v Zumpano,* 7 NY2d 327; *Atlantic Mills of R.I. v New York Cent. R.R. Co.,* 221 App Div 386; *DeCesare v Feldmeier,* 184 AD2d 220.)

*John Z. Marangos,* Staten Island, for respondents. I. The easement was re-created de novo. (*Castle Assoc. v Schwartz,* 63 AD2d 481; *Witter v Taggart,* 78 NY2d 234; *Puchalski v Wedemeyer,* 185 AD2d 563; *Parsons v Johnson,* 68 NY 62; *Fischer v*

*Anger,* 283 AD2d 865; *Will v Gates,* 89 NY2d 778; *Henricksen v Trails End Co.,* 303 AD2d 458; *328 Owners Corp. v 330 W. 86 Oaks Corp.,* 8 NY3d 372; *Riccio v De Marco,* 188 AD2d 847.) II. Plaintiffs-appellants are not innocent, bona fide purchasers. (*Farrell v Sitaras,* 22. AD3d 518; *Andy Assoc. v Bankers Trust Co.,* 49 NY2d 13; *Fairmont Funding v Stefansky,* 301 AD2d 562; *Tibby v Fletcher,* 13 AD3d 877; *Millbrook Hunt v Smith,* 249 AD2d 281; *Bridger v Pierson,* 45 NY 601; *Strnad v Brudnicki,* 200 AD2d 735; *Baker v Bliss,* 39 NY 70; *Hudson Val. Cablevision Corp. v 202 Devs.,* 185 AD2d 917; *Witter v Taggart,* 78 NY2d 234.) III. The easement is necessary to the beneficial use and enjoyment of defendants-respondents' property. (*Minogue v Monette,* 158 AD2d 843; *Resk v City of New York,* 293 AD2d 661; *Asche v Land & Bldg. Known as 64-29 232nd St.,* 12 AD3d 386; *Town of Pound Ridge v Golenbock,* 264 AD2d 773; *Silvercrest v St. Christopher-Ottile,* 194 AD2d 720; *231 Ctr. St. Assoc. v Post Bros. Serv. Stas.,* 252 AD2d 406; *Riccio v De Marco,* 188 AD2d 847; *Fritz v Tompkins,* 168 NY 524.) IV. The evidence presented by plaintiffs-appellants does not show unequivocal acts showing a clear intention to permanently abandon the easement. (*Consolidated Rail Corp. v MASP Equip. Corp.,* 67 NY2d 35; *Conabeer v New York Cent. & Hudson Riv. R.R. Co.,* 156 NY 474; *Rentar Dev. Corp. v City of New York,* 160 AD2d 860; *Castle Assoc. v Schwartz,* 63 AD2d 481; *Welsh v Taylor,* 134 NY 450; *De Jong v Abphill Assoc.,* 121 AD2d 678; *Gerbig v Zumpano,* 7 NY2d 327.)

## OPINION OF THE COURT

CIPARICK, J.

In 1933, the then-individual owners of adjacent properties, located at 157-159 Driggs Street and 163-165 Driggs Street on Staten Island, entered into an agreement creating a reciprocal easement, in which a portion of each other's property was to be used solely as a driveway. The easement was apparently created so that the owner of 157-159 Driggs, the dominant estate, could access a garage structure located thereon. In 1978, both parcels were acquired by common owners, the Accardos. Four years later, in 1982, the Accardos subdivided 163-165 Driggs into separate estates. The deed transferring the purported servient estate, now 163 Driggs, to the Webers made no reference to a driveway easement. In 1984, the Accardos then conveyed what had been the dominant estate, 157-159 Driggs, under a deed to the Corrados that referenced the driveway easement, which by its terms burdened the neighboring property—163 Driggs.

In 1993, plaintiffs purchased 163 Driggs from the Webers under a deed that again made no mention of a driveway easement. Three years later, in 1996, defendants purchased 157-159 Driggs from the Corrados, which deed contained language identical to the driveway easement language found in their immediate predecessor's deed. All deeds in both parcels' chains of title were duly recorded in the Richmond County Clerk's Office.

Although plaintiffs had knowledge that there had once existed an easement—they had seen it depicted in a survey and had conversations with the prior owners—by 2003, a 50-foot tree had grown on defendants' property, blocking access to the garage. Over the years, the garage had been used as a tool shed and to store a motorcycle. There was also a fence around the rear yard of the property preventing automobile access to the garage. Plaintiffs' property—163 Driggs—also had a permanent deck constructed by the Webers in 1986 that covered a portion of the purported easement area.

In December 2003, defendants had the tree and fencing removed to permit access to the garage via the purported driveway easement. Shortly thereafter, plaintiffs commenced this action for a declaration that the easement was no longer in force or effect and restraining defendants from using any part of plaintiffs' property. Defendants counterclaimed, seeking, among other things, a declaration that the easement remains in full force and effect and that, in any event, the easement survived by necessity.

Both parties moved for summary judgment. Supreme Court granted plaintiffs' motion, opining that the easement was extinguished when it came under common ownership, and that it was not re-created because the deed conveying 163 Driggs—the purported servient estate—did not reference the easement. The Appellate Division reversed, agreeing initially with Supreme Court that "[t]he easement was extinguished by merger when the subject properties came under common ownership" (27 AD3d 639, 640 [2006]). However, the Appellate Division disagreed with Supreme Court in concluding that "[t]he easement was recreated de novo when the properties were separately sold and the easement was clearly noted in each deed conveying the dominant estate . . . while the owners of the servient estate had actual knowledge of its existence" (*id.*). We granted leave to appeal, and now reverse.

It is undisputed that the easement was extinguished when the parcels came under common ownership (*see Will v Gates*, 89

NY2d 778, 784 [1997]). The parties, however, dispute the circumstances under which an extinguished easement may be re-created. Plaintiffs contend that an easement may be re-created in a subsequent conveyance only if there is language evincing the encumbrance in a deed recorded in the servient estate's chain of title. Defendants contend that an easement may be re-created when the encumbrance is recorded in the dominant estate's chain of title and the owners of the servient estate have actual notice of the encumbrance. We agree with plaintiffs.

The Appellate Division and defendants rely on *Witter v Taggart* (78 NY2d 234 [1991]) for the proposition that the owner of a servient estate needs only actual notice of an extinguished easement for it to be re-created, when the easement is recorded in the dominant estate's chain of title. In *Witter*, the common owner conveyed the dominant estate in a deed that contained an encumbrance that burdened the servient estate, which the common owner retained. The servient estate was subsequently conveyed without reference to the encumbrance. We noted that

> "[a] grantor may effectively extinguish or terminate [an encumbrance] when . . . the grantor conveys retained servient land to a bona fide purchaser who takes title without actual or constructive notice of the covenant because the grantor and dominant owner failed to record the covenant in the servient land's chain of title" (*Witter* at 239).

We held that an encumbrance must be "record[ed] in the servient chain [of title] . . . so as to impose notice on subsequent purchasers of the servient land" (*id.* at 240). We did not hold that a subsequent purchaser's notice of an extinguished encumbrance, that once burdened the servient estate, was sufficient to re-create that encumbrance.

Here, the easement was extinguished when the common owners, the Accardos, acquired title to both parcels. The Accardos subsequently conveyed the purported servient estate to the Webers, plaintiffs' predecessor in title, unencumbered by any mention of the extinguished driveway easement. Neither did the Accardos in conveying the parcel to the Webers reserve for themselves the right to utilize the easement. Thus, when the Accardos subsequently conveyed the purported dominant estate to the Corrados, the right to burden the previously conveyed parcel no longer existed. They thus lacked the authority to re-create the driveway easement over the servient estate at the time they transferred the dominant estate. It is well settled that

"an easement can be created only by one who has title to, or an estate in, the servient tenement" (5-40 Warren's Weed, New York Real Property § 40.10 [2007]; *see also Matter of Estate of Thomson v Wade*, 69 NY2d 570, 573-574 [1987]). It is irrelevant that plaintiffs may have had notice of an earlier easement, since the easement was not in existence at the time they purchased their property and the Accardos had not re-created the easement upon sale to plaintiffs' predecessor in title—the first sale from the common owner. Thus, the references to the easement in the 1984 and 1996 deeds are ineffective to burden the neighboring property.

In further support of their purported easement, defendants seek to portray it as an easement by necessity, which was not extinguished when the estates came under common ownership (*see e.g. Stilbell Realty Corp. v Cullen*, 43 AD2d 966 [2d Dept 1974]). The party asserting an easement by necessity bears the burden of establishing by clear and convincing evidence (*see Huggins v Castle Estates*, 36 NY2d 427, 430 [1975]) "that there was a unity and subsequent separation of title, and [ ] that at the time of severance an easement over [the servient estate's] property was *absolutely necessary*" (*Stock v Ostrander*, 233 AD2d 816, 817 [3d Dept 1996] [emphasis added]). Significantly, "the necessity must exist in fact and not as a mere convenience" (*Heyman v Biggs*, 223 NY 118, 126 [1918]) and must be indispensable to the reasonable use for the adjacent property.

■ Here, it is undisputed that there was a unity and subsequent separation of the estates. At the time the estates were severed, however, the easement was not absolutely necessary. The need to utilize the easement arose only when defendants felled the tree that blocked automobile access to the garage—some 21 years after the estates were severed. An example of an easement that was absolutely necessary is that found in *Stock*. There, when the estates were severed, the dominant estate "became landlocked by other properties with no access to a public highway . . . [t]hus, the easement was absolutely necessary" (233 AD2d at 818), because there was no other access to the property. This is clearly not the situation here. Defendants' sole claimed "necessity" for the easement is the "need" to access off-street parking. That purported need is nothing more than a mere convenience. No easement by necessity is present here.

Because we hold that the easement was not re-created, it is unnecessary to consider plaintiffs' claim that the easement was

abandoned by defendants. Plaintiffs' remaining contentions are without merit.

Accordingly, the order of the Appellate Division should be reversed, with costs, and the judgment of Supreme Court reinstated.

Chief Judge KAYE and Judges GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order reversed, etc.