SMILEY REALTY OF BROOKLYN, LLC, Respondent, v EX-CELLO FILM PAK, INC., Appellant. [889 NYS2d 229]—

In an action, inter alia, for a judgment declaring that the plaintiff has an easement by prescription over certain property owned by the defendant, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated May 15, 2008, as, in effect, granted that branch of the plaintiff's motion which was for leave to amend its complaint to add a cause of action for a judgment declaring that the plaintiff has an easement by necessity, and denied its cross motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for leave to amend its complaint to add a cause of action for a judgment declaring that the plaintiff has an easement by necessity is denied, the defendant's cross motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the plaintiff does not have an easement over the defendant's property.

The plaintiff and the defendant are landowners whose prop-

erties in Brooklyn adjoin in part and are separated in part by another property. When the defendant sought to construct a building on a previously-unimproved portion of its property, the plaintiff brought this action, inter alia, for a declaration that the plaintiff has an easement by prescription over a portion of the property on which the defendant sought to build. Specifically, the plaintiff claimed a right of egress to the street through the subject portion of the defendant's property in the event of fire. After discovery was completed, the plaintiff moved, inter alia, for leave to amend the complaint to add a cause of action for a judgment declaring that the plaintiff has an easement by necessity, and the defendant cross-moved, inter alia, for summary judgment. The Supreme Court, inter alia, in effect, granted the aforementioned branch of the plaintiff's motion, and it denied the defendant's cross motion. We reverse insofar as appealed from.

The defendant established its prima facie entitlement to judgment as a matter of law. In particular, the defendant's proof established that neither the plaintiff nor the plaintiff's tenants ever actually used the defendant's property for egress to the street to escape a fire, or even ever conducted drills for such purpose. The defendant's showing was sufficient to show, prima facie, that neither the plaintiff nor the plaintiff's tenants ever actually used the defendant's property in an open, notorious, and adverse manner (*see Merriam v 352 W. 42nd St. Corp.*, 14 AD2d 383, 387 [1961]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court should have granted that branch of the defendant's cross motion which was for summary judgment.

"In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (*G.K. Alan Assoc., Inc. v Lazzari*, 44 AD3d 95, 99 [2007], *affd* 10 NY3d 941 [2008]; *see Lucido v Mancuso*, 49 AD3d 220, 226-227 [2008]). To acquire an easement by necessity, the party asserting the claim must establish by clear and convincing evidence that there was a unity of title and subsequent separation of title, and that, at the time of severance, an easement over the servient property was absolutely necessary (*see Simone v Heidelberg*, 9 NY3d 177, 182 [2007]). Here, the plaintiff admitted that there never had been unity of title. Consequently the proposed amendment was patently devoid of merit, and the Supreme Court thus erred by, in effect, granting that branch of the plaintiff's motion which was for leave to amend the

complaint to add a cause of action for a judgment declaring that the plaintiff has an easement by necessity (see Ross v Gidwani, 47 AD3d 912, 913 [2008]; cf. Prego v Gutchess, 61 AD3d 1394, 1395-1396 [2009]; Gjokaj v Fox, 25 AD3d 759, 760 [2006]).

Inasmuch as the defendant was entitled to judgment as a matter of law with respect to the plaintiff's cause of action for a prescriptive easement, and the plaintiff was not entitled to amend its complaint to assert a cause of action for an easement by necessity, the plaintiff's cause of action sounding in trespass must fail as well. Fisher, J.P., Covello, Angiolillo and Roman, JJ., concur. [See 19 Misc 3d 1136(A), 2008 NY Slip Op 51020(U).]