■ STEWART M. SHUTE, JR., Appellant, v ROBERT McLUSKY et al., Respondents. (Appeal No. 1.) [945 NYS2d 890]—Appeal from an order of the Supreme Court, Onondaga County (John C. Cherundolo, A.J.), entered November 4, 2011. The order settled the record for appeals from judgments entered July 14, 2010 and September 9, 2010.

Appeal from an order of the Supreme Court, Onondaga County (John C. Cherundolo, A.J.), entered November 4, 2011. The order directed that the order entered October 1, 2009 be included in the record for appeals from judgments entered July 14, 2010 and September 9, 2010 for informational purposes only.

It is hereby ordered that the order so appealed from is unanimously modified on the law by vacating the second and third ordering paragraphs and as modified the order is affirmed without costs.

Memorandum: As limited by his notice of appeal, plaintiff contends that Supreme Court erred in granting that part of his motion to settle the record on the appeal from a judgment, denominated order, granting summary judgment on the counterclaims of Robert McLusky (defendant) to include a previous order dated October 1, 2009 (previous order) *"for informational purposes only,* so that the Appellate Division can have a full and complete record upon which to make [its] determinations" (emphasis added). By that previous order, the court granted defendants' respective motion and cross motion for summary judgment dismissing certain claims in the complaint. The court determined that the previous order was a final order and thus not reviewable on the appeal to this Court from the judgment granting the motion of defendant for summary judgment on the counterclaims (*Shute v McLusky*, 96 AD3d 1362 [2012]). We agree with plaintiff that the court erred in limiting the inclusion of the order "for informational purposes only." We therefore modify the order accordingly.

Both plaintiff and defendant are the beneficiaries of the will of Jean M. Miller. Plaintiff inherited a wooded parcel (Lot 3), and defendant inherited two parcels. One of defendant's parcels, i.e., Lot 1, borders Lot 3, and the second parcel is bordered on the east by Lot 1 and on the north by other property owned by plaintiff and thus is landlocked. The complaint sought damages, inter alia, for trees that were cut and removed from Lot 3, while the counterclaims sought to establish defendant's right-of-way over land owned by plaintiff, pursuant to RPAPL 1501. The court granted defendants' respective motion and cross motion for summary judgment dismissing the claims in the complaint seeking damages with respect to the trees, but retained a claim for damages for trespass related to piling stones on Lot 3. That claim was later transferred to Town Court by stipulation of the parties and was thereafter resolved.

We conclude that the order granting defendants' respective motion and cross motion for summary judgment dismissing the claims regarding the trees is reviewable on appeal as a nonfinal order from the subsequent judgment on the counterclaims (*see* CPLR 5501 [a] [1]; RPAPL 1521 [1]). Because the order dismissing the claims regarding the trees "expressly contemplated further nonministerial proceedings to determine civil penalties," i.e., damages for trespass regarding the stones, the order was,

by its terms, nonfinal (*Lake George Park Commn. v Salvador*, 72 AD3d 1245, 1247 [2010], *lv denied* 15 NY3d 712 [2010]; *see Burke v Crosson*, 85 NY2d 10, 17 [1995]; *see generally Kimmel v State of New York*, 49 AD3d 1210, 1210 [2008], *lv dismissed* 11 NY3d 729 [2008]). Furthermore, inasmuch as the claims contained in both the complaint and the counterclaims are derived from the same source, i.e., the will, the claims contained in the complaint "arise out of . . . the same legal relationship as the unresolved [claims contained in the counterclaims]" (*Burke*, 85 NY2d at 16). Thus, we further conclude that the court erred in determining that the doctrine of implied severance, which is a "very limited exception to the general rule of nonfinality," applies here (*id.*). Present—Scudder, P.J., Smith, Centra, Fahey and Peradotto, JJ.