# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

416
CA 11-00945
PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

STEWART M. SHUTE, JR., PLAINTIFF-APPELLANT,

V                                                          MEMORANDUM AND ORDER

ROBERT MCLUSKY, DEFENDANT-RESPONDENT,
MICHAEL BLOOM, DEFENDANT.
(APPEAL NO. 2.)

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

HISCOCK & BARCLAY, LLP, SYRACUSE (TIMOTHY J. DEMORE OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from a judgment (denominated order) of the Supreme Court,
Onondaga County (John C. Cherundolo, A.J.), entered September 9, 2010.
The judgment granted the motion of defendant Robert McLusky for
summary judgment.

It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law without costs, the motion of defendant
Robert McLusky seeking summary judgment on his counterclaims is
denied, and the respective motion and cross motion of defendants for
summary judgment dismissing the complaint with respect to the
destruction and removal of trees is denied and the complaint is
reinstated to that extent.

Memorandum:  Plaintiff appeals from a judgment granting the
motion of Robert McLusky (defendant) seeking summary judgment on his
counterclaims pursuant to RPAPL article 15, alleging that he has a
right-of-way, devised to him by the will of Jean M. Miller, over
property owned by plaintiff or, in the alternative, that he has
established an easement by necessity over the property owned by
plaintiff.  We conclude that defendant established his entitlement to
judgment determining that he has a right-of-way over plaintiff's land
by establishing that Miller's will devised a 20-foot easement from a
land-locked 40-acre parcel to Nichols Road.  We further conclude,
however, that plaintiff raised an issue of fact whether his
predecessors in interest extinguished by adverse possession the
easement over his land.  Plaintiff established that both the north and
south borders of the easement are blocked by fences and mature trees.
We therefore conclude that plaintiff raised an issue of fact whether
his predecessors in interest extinguished the easement by using it in
a manner that was open, notorious, exclusive, and continuous for a

period of 10 years and under a claim of right, and thus adverse to Miller, the owner thereof (*see Spiegel v Ferraro*, 73 NY2d 622, 625-626). We conclude that the "narrow exception" to the general rule that an easement may be extinguished by adverse possession does not apply here (*id.* at 626), because it is undisputed that the easement is identifiable (*cf. Castle Assocs. v Schwartz*, 63 AD2d 481, 490), and thus is subject to extinguishment by adverse possession. The court therefore erred in granting defendant's motion on that ground.

We further conclude that the court also erred in granting defendant's motion on the alternative theory that he has an easement by necessity. It is well established that an easement by necessity requires a unity and subsequent separation of the dominant and servient estates and that, at the time of the severance, an easement over plaintiff's land was " 'absolutely necessary' " (*Simone v Heidelberg*, 9 NY3d 177, 182; *see Stock v Ostrander*, 233 AD2d 816, 818). Inasmuch as Miller had access to Nichols Road from the 40-acre parcel over an adjacent parcel that she owned at the time she purchased the 40 acres, defendant has failed to establish that the easement was absolutely necessary (*see Klumpp v Freund*, 83 AD3d 790, 793; *Town of Pound Ridge v Golenbock*, 264 AD2d 773, 774; *see generally Michalski v Decker*, 16 AD3d 469, 470). We note that the parcel adjacent to the 40-acre parcel was devised by Miller's will to defendant (Lot 1).

We further conclude that the court erred in granting, inter alia, defendants' respective motion and cross motion for summary judgment dismissing the claims in the complaint seeking damages for the destruction and removal of trees from property devised to plaintiff by Miller's will (Lot 3), on the ground that the trees were cut and removed prior to the execution of the executor's deed. We note that the judgment in appeal No. 2 does not address the respective motion and cross motion. Nevertheless, we have determined in a related appeal by plaintiff from an order settling the record on this appeal that the court erred in concluding that the order entered October 1, 2009 deciding the motion and cross motion and dismissing those claims was a final order and was thus not reviewable upon an appeal from the judgment in appeal No. 2 herein (*Schute v McLusky* [appeal No. 2], ___ AD3d ___ [June 8, 2012]).

It is well established that, inasmuch as Lot 3 was specifically devised to plaintiff, title to that property vested in him at the moment of Miller's death (*see Waxson Realty Corp. v Rothschild*, 255 NY 332, 336; *Matter of Ballesteros*, 20 AD3d 414, 415). Although that parcel and Lot 1 were subdivided from a larger parcel pursuant to the terms of the will, and thus a survey and subdivision application were subsequently obtained by the executor, the parcel devised to plaintiff was nevertheless clearly identified by the will as the "area of trees [decedent] usually referred to during [her] lifetime as 'the woods,' " as well as by a definition of the intended boundaries. Indeed, the easterly border of the parcel was established by the terms of the will to be approximately 20 feet east of the "easterly edge of the forest of trees located on [the larger] parcel," and the destruction and removal of some of those trees is the gravamen of the complaint.

"[T]he remedy created by RPAPL 861 extends only to the actual owner of the property allegedly harmed" (*Cornick v Forever Wild Dev. Corp.*, 240 AD2d 980, 980).  Inasmuch as plaintiff was the owner of Lot 3 at the time the trees were cut and removed, the court erred in granting the motion and cross motion for summary judgment dismissing the complaint with respect to the trees by the nonfinal order entered October 1, 2009, which as noted is reviewable on this appeal from the subsequent judgment pursuant to RPAPL 1521 (1) entered September 9, 2010.

Entered:  June 8, 2012                    Frances E. Cafarell
                                          Clerk of the Court