■ FAVIOLA, LLC, Respondent, v PRAVINKUMAR PATEL et al., Appellants, et al., Defendants. [980 NYS2d 573]—

In an action pursuant to RPAPL article 15 for a judgment declaring that the plaintiff has an easement by necessity for ingress and egress over a portion of certain real property, and for injunctive relief, the defendants Pravinkumar Patel and Anita Patel appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Schulman, J.), entered May 3, 2012, which, in effect, granted the plaintiff's motion to confirm a referee's report dated September 14, 2011, and denied their cross motion to reject the referee's report, and declared that the plaintiff has a right-of-way access easement over the alleyway located along the easterly five feet of the subject property, directed them to remove any existing obstructions that interfere with the plaintiff's easement, and permanently enjoined them from interfering with the plaintiff's access to and transit across the subject alleyway.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff sought a judgment declaring that it had an easement by necessity over an alleyway on certain real property, designated lot 115, in order to access its property, designated lot 215. The Supreme Court properly declared that the plaintiff has a right-of-way access easement over the alleyway, properly directed the owners of the subject property, the defendants Pravinkumar Patel and Anita Patel (hereinafter together the Patel defendants), to remove any obstructions from the alleyway, and properly enjoined them from interfering with the plaintiff's access to and transit across the subject alleyway.

The party asserting that it has an easement by necessity bears the burden of establishing by clear and convincing evidence that there was a unity and subsequent separation of title, and that at the time of severance, an easement over the servient estate was absolutely necessary to obtain access to the party's land (*see Simone v Heidelberg*, 9 NY3d 177, 182 [2007]; *Foti v Noftsier*, 72 AD3d 1605, 1607 [2010]; *Smiley Realty of Brooklyn, LLC v Excello Film Pak, Inc.*, 67 AD3d 891, 892 [2009]; *U.S. Cablevision Corp. v Theodoreu*, 192 AD2d 835, 838 [1993]). The necessity must exist in fact and not as a mere convenience, and must be indispensable to the reasonable use of the adjacent property (*see Simone v Heidelberg*, 9 NY3d at 182; *Heyman v Biggs*, 223 NY 118, 125-126 [1918]; *Town of Pound Ridge v Golenbock*, 264 AD2d 773, 774 [1999]; *U.S. Cablevision Corp. v Theodoreu*, 192 AD2d at 838). There is no dispute here that there was unity and subsequent separation of title, as the Patel defendants acknowledge that they owned both lots 115 and 215 from January 1991 until April 1996, when lot 115 was subdi-

vided and lot 215 was sold to the plaintiff's predecessor in interest.

The plaintiff established that the easement through the alleyway on lot 115 was absolutely necessary to gain access to lot 215. The Patel defendants do not dispute that lot 215 has no direct access to a public highway or street, without the necessity of crossing a lot owned by the Patel defendants or by a third party. The plaintiff adduced proof that, upon subdivision, lot 215 became landlocked with no access to a public highway or street (*see Stock v Ostrander*, 233 AD2d 816, 817-818 [1996]; *Wolfe v Belzer*, 184 AD2d 691 [1992]; *cf. Shute v McLusky*, 96 AD3d 1360, 1361 [2012]; *Klumpp v Freund*, 83 AD3d 790, 793 [2011]). The landlocked status of lot 215 was a direct result of the partition effected by the Patel defendants' subdivision of lot 115, and the sale of lot 215, in 1996. That landlocked status gave rise to a right-of-way by necessity across lot 115 for the benefit of lot 215 (*see Bogart v Roven*, 8 AD3d 600, 602 [2004]). The need to use the alleyway on lot 115 to access the property was not a mere convenience (*cf. Simone v Heidelberg*, 9 NY3d at 182; *Pickett v Whipple*, 216 AD2d 833, 835 [1995]).

Accordingly, the Supreme Court properly declared that the plaintiff has a right-of-way access easement over the subject alleyway located along the easterly five feet of the subject property, directed the Patel defendants to remove any existing obstructions that interfere with the plaintiff's easement, and permanently enjoined the Patel defendants from interfering with the plaintiff's access to and transit across the subject alleyway. Mastro, J.P., Roman, Miller and Hinds-Radix, JJ., concur.