In an action pursuant to RPAPL article 15 for a judgment declaring, inter alia, that the plaintiff has an easement by necessity for ingress and egress and for parking over a portion of certain real property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Bruno, J.), entered September 14, 2016, as, in effect, granted that branch of the motion of the defendant J.H. Coles Homestead, LLC, which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it and denied its cross motion for summary judgment on the complaint.
 

 Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings, and thereafter, for the entry of a judgment, inter alia, declaring that the plaintiff does not have an easement by necessity and that the approval of the City of Glen Cove Planning Board was not required to extinguish the easement.
 

 The plaintiff is the owner of real property located at 147 Glen Street in Glen Cove (hereinafter the subject property), having purchased it from the defendant 149 Glen Street Corp. in September 2009. The defendant J.H. Coles Homestead, LLC (hereinafter the defendant), is the owner of adjoining real property located at 149 Glen Street (hereinafter the adjoining property), having purchased it from 149 Glen Street Corp. in February 2016.
 

 The subject property and the adjoining property were a single large parcel until 1974, when the City of Glen Cove Planning Board (hereinafter Planning Board) granted the application of the then-owner to subdivide the parcel. At the time of the subdivision application, the then-owner informed the Planning Board that he would retain ownership of the portion which is now the subject property and that he intended to sell the portion which is now the adjoining property. As part of this arrangement, he would also retain a right-of-way over the adjoining property for ingress and egress and for the parking of several vehicles. After the subdivision was approved on March 19, 1974, the adjoining property was sold to a third party, and the deed reflecting the transaction contained the aforesaid right-of-way. On October 25, 2007, 149 Glen Street Corp. acquired title to the adjoining property, but the deed did not contain any reference to an easement or right-of-way. On October 31, 2008, 149 Glen Street Corp. acquired title to the subject property. Thus, as of October 31, 2008, both the subject property and the adjoining property were owned by 149 Glen Street Corp. On November 20, 2008, 149 Glen Street Corp. recorded a release of easement with the Nassau County Clerk. On September 29, 2009, 149 Glen Street Corp. sold the subject property to the plaintiff and, in a handwritten agreement of the same date, granted the plaintiff access to the rear of the adjoining property for loading and unloading goods through the back door of the building on the subject property and for the parking of three vehicles in the lot on the adjoining property. The agreement specified that it was to exist only so long as the parties to the agreement owned the respective properties.
 

 In January 2016, upon learning that 149 Glen Street Corp. was in the process of selling the adjoining property, the plaintiff commenced this action against 149 Glen Street Corp. The plaintiff, knowing that the 2009 agreement providing it access to the rear of the adjoining property would terminate upon the sale of the adjoining property, sought a declaration, inter alia, that it had an easement by necessity and that the 1974 easement had been improperly extinguished, as 149 Glen Street Corp. was required to obtain prior Planning Board approval. In a deed dated February 1, 2016, 149 Glen Street Corp. conveyed the adjoining property to the defendant. The deed did not contain any language regarding an easement or right-of-way. In an order entered June 24, 2016, the Supreme Court granted the defendant’s unopposed motion for leave to intervene in the action. Shortly thereafter, the defendant moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against it. The plaintiff cross-moved for summary judgment on the complaint. The Supreme Court, in effect, granted that branch of the defendant’s motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action and denied the plaintiff’s cross motion for summary judgment on the complaint. The plaintiff appeals.
 

 “An easement is not a personal right of the landowner but is an appurtenance to the land benefitted by it (the dominant estate). It is inseparable from the land and a grant of the land carries with it the grant of the easement” (Will v Gates, 89 NY2d 778, 783 [1997]). An easement is extinguished by merger when one party acquires title to both parcels (see Simone v Heidelberg, 9 NY3d 177, 180 [2007]; Will v Gates, 89 NY2d at 784). Here, the subject property and the adjoining property came under common ownership on October 31, 2008, when 149 Glen Street Corp. acquired title to the subject property, and thus, owned both pieces of property. As such, the easement that came into existence in 1974 was extinguished by merger.
 

 “In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the court is required to accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (New York Tile Wholesale Corp. v Thomas Fatato Realty Corp., 153 AD3d 1351, 1353 [2d Dept 2017]). Here, even accepting the plaintiff’s allegations as true and affording it the benefit of every favorable inference, the Supreme Court properly determined that the first three causes of action failed to fit into any legally cognizable theory, as they were based on speculative and conclusory factual allegations and bare legal conclusions, inter alia, that 149 Glen Street Corp. was required to obtain Planning Board approval before the easement could be extinguished (see Cruciata v O’Donnell & McLaughlin, Esqs., 149 AD3d 1034, 1035 [2017]). Likewise, the fourth cause of action, for a declaration that the plaintiff had an easement by necessity, contained only vague and conclusory allegations and failed to allege that an easement over the adjoining property was absolutely necessary for access to the subject property, which fronts on a public street (cf. Faviola, LLC v Patel, 114 AD3d 823 [2014]). For the same reasons, the court also properly denied the plaintiff’s motion for summary judgment on the complaint.
 

 The plaintiff’s remaining contentions are improperly raised for the first time on appeal.
 

 Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for further proceedings, and thereafter, for the entry of a judgment, inter alia, declaring that the plaintiff does not have an easement by necessity and that the approval of the City of Glen Cove Planning Board was not required to extinguish the easement (see Lanza v Wagner, 11 NY2d 317 [1962]).
 

 Dillon, J.P., Sgroi, Hinds-Radix and Iannacci, JJ., concur.