Creagan v Stein (2021 NY Slip Op 08164)





Creagan v Stein


2021 NY Slip Op 08164


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-01916
 (Index No. 1899/11)

[*1]Daniel O. Creagan, appellant, 
v
Laura Stein, respondent, et al., defendants.


Catania, Mahon, Milligram & Rider, PLLC, Newburgh, NY (Robert E. DiNardo of counsel), for appellant. 
Montalbano, Condon & Frank, P.C., New City, NY (Brian J. Quinn of counsel), for respondent.



DECISION & ORDER
In an action pursuant to RPAPL article 15 for a judgment declaring that the plaintiff has an easement over certain real property, the plaintiff appeals from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated December 6, 2017. The order, insofar as appealed from, granted those branches of the defendant Laura Stein's motion which were for summary judgment, in effect, for a declaration in her favor with respect to so much of the second cause of action in the second amended complaint as sought a judgment declaring that the plaintiff has an easement by necessity over her property and on so much of her counterclaim as sought a judgment declaring that the plaintiff does not have an easement by necessity over her property.
ORDERED that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Orange County, for the entry of a judgment, inter alia, making the appropriate declaration in accordance herewith.
By deed dated September 28, 1995, the plaintiff acquired certain real property located in Cornwall (hereinafter the Creagan Property), for the sum of $6,000 at a tax sale. The property owned by the defendant Laura Stein (hereinafter the Stein Property) borders the Creagan Property to the northwest. The nearest public road to the Creagan Property, as well as to the Stein Property, is Angola Road. The Stein Property accesses Angola Road via Tenny Lane, a private road also used
by the defendants Richard Harvey, Linda Harvey, Joseph Pilus, Winifred Pilus, Barbara Dippolito, Joseph Kryzak, Lorrie Kryzak, Charles Johnston, Elaine Johnston, and Julie Moran. It is undisputed that the Creagan Property is landlocked and does not abut Tenny Lane. The physically improved portion of Tenny Lane terminates to the southeast at the Stein Property and continues into a driveway on the Stein Property.
The plaintiff commenced this action, inter alia, for a judgment declaring that he has an easement by necessity over the defendants' property for access to Tenny Lane. Stein interposed an answer in which she asserted a counterclaim for a judgment declaring, among other things, that the plaintiff does not have an easement by necessity over the Stein Property. After motion practice, the Supreme Court directed the plaintiff to file a second amended complaint. Stein moved, inter alia, for summary judgment with respect to the second amended complaint insofar as asserted against her and for summary judgment on her counterclaim. The court granted Stein's motion. The plaintiff appeals from so much of the order as granted those branches of Stein's motion which were for summary judgment, in effect, for a declaration in her favor with respect to so much of the second cause of action as sought a judgment declaring that the plaintiff has an easement by necessity over [*2]the Stein Property and on so much of her counterclaim as sought a judgment declaring that the plaintiff does not have an easement by necessity over the Stein property.
"The party asserting that it has an easement by necessity bears the burden of establishing by clear and convincing evidence that there was a unity and subsequent separation of title, and that at the time of severance, an easement over the servient estate was absolutely necessary to obtain access to the party's land. The necessity must exist in fact and not as a mere convenience, and must be indispensable to the reasonable use of the adjacent property" (Faviola, LLC v Patel, 114 AD3d 823, 824 [citations omitted]; see Simone v Heidelberg, 9 NY3d 177, 182; Smiley Realty of Brooklyn, LLC v Excello Film Pak, Inc., 67 AD3d 891, 892). Here, Stein demonstrated her entitlement to judgment as a matter of law by demonstrating, prima facie, that the Creagan Property did not have unity of title with the Stein Property. The affirmation of Stein's expert title examiner, accompanied by tax maps, demonstrated that the Creagan Property was formerly part of land owned by the Archbishopric of New York, whereas the Stein Property was not owned by the Archbishopric at the time that the Creagan Property was created. Accordingly, there was no unity of title (see Simone v Heidelberg, 9 NY3d at 182; Faviola, LLC v Patel, 114 AD3d at 824; Smiley Realty of Brooklyn, LLC v Excello Film Pak, Inc., 67 AD3d at 892).
In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the tax maps relied upon by Stein's expert were admissible and probative evidence (see Doane v Kiwanis Club of Rotterdam, N.Y., Inc., 128 AD3d 1309, 1311; Matter of Ramundo v Pleasant Valley Zoning Bd. of Appeals, 41 AD3d 855, 858). The affidavits of the plaintiff's experts failed to raise a triable issue of fact with respect to the tax maps demonstrating that there was no unity of title. Furthermore, a title search and a deed from 1834, upon which one of the plaintiff's experts based his opinion, were not annexed to his affidavit, rendering his opinion speculative, conclusory, and lacking a proper foundation (see Wass v County of Nassau, 166 AD3d 1052, 1053).
The parties' remaining contentions are either academic in light of our determination or without merit.
Accordingly, the Supreme Court properly granted those branches of Stein's motion which were for summary judgment, in effect, for a declaration in her favor with respect to so much of the second cause of action as sought a judgment declaring that the plaintiff has an easement by necessity over the Stein property and on so much of her counterclaim as sought a judgment declaring that the plaintiff does not have an easement by necessity over the Stein property. Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Orange County, for the entry of a judgment, inter alia, declaring that the plaintiff does not have an easement by necessity over the Stein property (see Lanza v Wagner, 11 NY2d 317, 334).
CHAMBERS, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court