799 Crown St., LLC v Leblanc (2022 NY Slip Op 02105)





799 Crown St., LLC v Leblanc


2022 NY Slip Op 02105


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2019-13207
 (Index No. 3102/12)

[*1]799 Crown Street, LLC, appellant, 
v
Nadine Leblanc, et al., respondents, et al., defendants.


Law Office of Samuel Katz, PLLC, Brooklyn, NY (Joseph J. Schwartz of counsel), for appellant.
Zeltser Law Group, PLLC, Brooklyn, NY (Naomi Zeltser of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from of an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated August 15, 2019. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants Nadine Leblanc and Milton Leblanc and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In May 2007, as security for a note in the principal sum of $525,000, the defendants Nadine Leblanc and Milton Leblanc (hereinafter together the defendants) executed a mortgage encumbering certain real property located in Brooklyn. In February 2012, the plaintiff's alleged predecessor in interest commenced this action to foreclose the mortgage against, among others, the defendants. The defendants did not timely answer the complaint.
In March 2016, the plaintiff moved for summary judgment on the complaint and for an order of reference. In an order dated March 21, 2017, the Supreme Court determined that the plaintiff's motion would be "treated . . . as a CPLR 3215 motion," and in an order dated April 6, 2017, the court granted the plaintiff's motion. Thereafter, the defendants moved, inter alia, for leave to reargue their opposition to the plaintiff's motion. In an order dated December 12, 2017, the court, inter alia, granted leave to reargue and, upon reargument, vacated the order dated April 6, 2017, and denied the "plaintiff's motion for summary judgment . . . as improper."
In August 2018, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendants, among others, and for an order of reference. The defendants opposed the plaintiff's motion, arguing, among other things, that the plaintiff failed to submit sufficient proof of the facts constituting the claim. The defendants did not contend that the plaintiff's motion should be denied because the plaintiff had previously made a motion for the same relief which the Supreme Court had previously determined was improper. In an order dated August 15, 2019, the court, inter alia, denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants and for an order of reference. The court determined that the record showed that the plaintiff had filed a previous motion for the same relief, which the court found to be [*2]improper, and the plaintiff did not submit an affirmation or other documentation in support of its motion that addressed the prior ruling. The plaintiff appeals. We affirm the order insofar as appealed from, albeit for a different reason from that stated by the Supreme Court.
The Supreme Court should not have denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants and for an order of reference on the ground that the plaintiff failed to disclose the existence of its prior motion and the existence of the orders dated April 6, 2017, and December 12, 2017. Since that ground was never raised by the parties, the plaintiff had no opportunity to address the issue, and this "'lack of notice and opportunity to be heard implicates the fundamental issue of fairness that is the cornerstone of due process'" (Nationstar Mtge., LLC v Einhorn, 185 AD3d 945, 945, quoting Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 45, 54; see Citibank, N.A. v Kerszko, 203 AD3d 42, 53-54).
Nevertheless, the Supreme Court properly denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants and for an order of reference, as the plaintiff failed to submit proof of the facts constituting the claim and the amount due. "'Where, as here, a foreclosure complaint is not verified, CPLR 3215(f) states, among other things, that upon any application for a judgment by default, proof of the facts constituting the claim, the default, and the amount due are to be set forth in an affidavit made by the party'" (HSBC Bank USA, N.A. v Cooper, 157 AD3d 775, 776 [emphasis omitted], quoting HSBC Bank USA, N.A. v Betts, 67 AD3d 735, 736). Here, in support of its motion, the plaintiff submitted an affidavit executed by Elliot Frankel, a member of the plaintiff. Frankel asserted that his affidavit was based upon his review of the records maintained by the plaintiff in the ordinary course of business. However, as the defendants correctly contend, the plaintiff failed to attach the business records upon which Frankel relied for his assertions regarding the date of the defendants' default under the note and mortgage and the amount due to the plaintiff. Thus, his factual assertions based upon those records constituted inadmissible hearsay, and his affidavit was insufficient to demonstrate proof of the facts constituting the claim and the amount due (see CPLR 3215[f]; Deutsche Bank Natl. Trust Co. v Hossain, 196 AD3d 631, 633; see also Deutsche Bank Tr. Co. Americas v Miller, 198 AD3d 867; Deutsche Bank Natl. Trust Co. v Gulati, 188 AD3d 999, 1001; Wells Fargo Bank, N.A. v Yesmin, 186 AD3d 1761, 1762; Deutsche Bank Natl. Trust Co. v McGann, 183 AD3d 700, 702). Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants and for an order of reference.
The parties' remaining contentions need not be reached in light of our determination.
CONNOLLY, J.P., CHRISTOPHER, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court