Meadows v Eckert (2023 NY Slip Op 04065)

Meadows v Eckert

2023 NY Slip Op 04065

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, AND GREENWOOD, JJ.

554 CA 22-00551

[*1]CAROLETTE MEADOWS, PLAINTIFF-RESPONDENT,
v
RACHEL ECKERT, DEFENDANT-APPELLANT. 

DIPASQUALE & CARNEY, LLP, BUFFALO (JASON R. DIPASQUALE OF COUNSEL), FOR DEFENDANT-APPELLANT. 

 Appeal from an amended order of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered March 11, 2022. The amended order, inter alia, granted plaintiff a permanent easement. 
It is hereby ORDERED that the amended order so appealed from is unanimously modified on the law by vacating the first ordering paragraph and dismissing the first cause of action and as modified the amended order is affirmed without costs.
Memorandum: Defendant appeals from an amended order entered following a nonjury trial that, inter alia, granted plaintiff a permanent easement over that part of an 8-foot cement "driveway" that is situated on defendant's side of the parties' shared property line. The amended order also granted in part plaintiff's fifth cause of action, based on Civil Rights Law § 52-a, by directing defendant to adjust the positioning of her security cameras so that they do not capture images of plaintiff's property. We agree with defendant that Supreme Court erred in granting plaintiff a permanent easement, and we modify the amended order accordingly.
The parties are neighbors with a history of animosity (Eckert v Meadows, 216 AD3d 1397 [4th Dept 2023]). Filling the gap between the parties' houses is an eight-foot wide concrete area, which plaintiff has used as a driveway to access a garage behind her home. Although most of that concrete area lies on plaintiff's property, one side of it extends approximately 1 1/4 to 1 3/4 feet into defendant's property. The prior owners of defendant's home permitted plaintiff to use all of that section as a driveway to access the garage, but defendant did not. Plaintiff commenced this action seeking a permanent easement to allow her to continue to use the full width of the concrete section as a driveway.
We agree with defendant that plaintiff failed to establish the elements required for either an easement by necessity or an easement by implication. As a preliminary matter, we note that the court did not address plaintiff's cause of action for an easement by prescription, and plaintiff has not submitted a brief asserting the existence of an easement by prescription as an alternative basis for affirming the amended order (see generally Town of Massena v Niagara Mohawk Power Corp., 45 NY2d 482, 488 [1978]). We therefore address only the issues related to an easement by necessity and an easement by implication.
"[A] party asserting an easement by necessity bears the burden of establishing by clear and convincing evidence . . . 'that there was a unity and subsequent separation of title, and . . . that at the time of severance an easement over [the servient estate's] property was absolutely necessary' " (Simone v Heidelberg, 9 NY3d 177, 182 [2007]; see Mau v Schusler, 124 AD3d 1292, 1295 [4th Dept 2015]; Foti v Noftsier, 72 AD3d 1605, 1607 [4th Dept 2010]).
"In order to establish an easement by implication from pre-existing use upon severance of title, three elements must be present: (1) unity and subsequent separation of title, (2) the claimed easement must have, prior to separation, been so long continued and obvious or manifest as to [*2]show that it was meant to be permanent, and (3) the use must be necessary to the beneficial enjoyment of the land retained" (Abbott v Herring, 97 AD2d 870, 870 [3d Dept 1983], affd 62 NY2d 1028 [1984]; see Mau, 124 AD3d at 1293-1294; Sadowski v Taylor, 56 AD3d 991, 993 [3d Dept 2008]). "Implied easements are not favored in the law and the burden of proof rests with the party asserting the existence of facts necessary to create an easement by implication to prove such entitlement by clear and convincing evidence" (Abbott, 97 AD2d at 870; see Beretz v Diehl, 302 AD2d 808, 810 [3d Dept 2003]).
Both easements by necessity and easements by implication require that the person claiming the easement establish a prior unity of title, severance of that title, and that continued use of the subservient property is "necessary" to the beneficial enjoyment of the claimant's property (see Simone, 9 NY3d at 182; Abbott, 97 AD2d at 870).
Here, plaintiff did not submit evidence of a prior unity of title. Moreover, she failed to establish that continued use of defendant's property was necessary to the beneficial enjoyment of her property. Although plaintiff formerly used the concrete area as a driveway, there is no dispute that plaintiff had a place to park her vehicle on the road. Further, although it might have been more convenient for plaintiff to park her vehicle in the garage behind her house, she did not establish that doing so was indispensable or necessary to the enjoyment of her property (cf. Resk v City of New York, 293 AD2d 661, 662 [2d Dept 2002], lv denied 99 NY2d 507 [2003]). Vehicular access to the garage may affect the value of plaintiff's home, but it is not " 'absolutely necessary' " to the reasonable use of plaintiff's residence (Simone, 9 NY3d at 182; cf. Thomas Gang, Inc. v State of New York, 19 AD3d 861, 862 [3d Dept 2005]; Resk, 293 AD2d at 662; Stock v Ostrander, 233 AD2d 816, 817-818 [3d Dept 1996]). As the Court of Appeals has stated, " 'the necessity must exist in fact and not as a mere convenience' . . . and must be indispensable to the reasonable use for the adjacent property" (Simone, 9 NY3d at 182, quoting Heyman v Biggs, 223 NY 118, 126 [1918]).
We reject defendant's contention that the court erred in directing her to reposition cameras on her property so that they did not capture images from plaintiff's property. Civil Rights Law § 52-a (1) provides, in pertinent part that "[a]ny owner or tenant of residential real property shall have a private right of action for damages against any person who installs or affixes a video imaging device on property adjoining such residential real property for the purpose of video taping or taking moving digital images of the recreational activities which occur in the backyard of the residential real property without the written consent thereto of such owner and/or tenant with intent to harass, annoy or alarm another person, or with intent to threaten the person or property of another person."
Although plaintiff admitted that she had previously damaged defendant's property, we conclude that plaintiff established that defendant directed video imaging devices at plaintiff's property without plaintiff's consent and with the intent to harass, annoy, or threaten plaintiff. In addition, plaintiff established that defendant uploaded the video images of plaintiff captured by those cameras to social media networks with no purpose but to harass, annoy, or threaten plaintiff (see Cangemi v Yeager, 185 AD3d 1397, 1398-1399 [4th Dept 2020]).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court