FZ Realty, LLC v BH Shipping, LLC (2024 NY Slip Op 03169)

FZ Realty, LLC v BH Shipping, LLC

2024 NY Slip Op 03169

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-09440
2022-05357
 (Index No. 59992/20)

[*1]FZ Realty, LLC, respondent, 
v
BH Shipping, LLC, appellant.

The Rice Law Firm PLLC, New York, NY (Dan M. Rice of counsel), for appellant.
Zerilli & Associates, P.C., Yonkers, NY (Robert F. Zerilli of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiff has an easement over certain property owned by the defendant, the defendant appeals from (1) an order of the Supreme Court, Westchester County (Alexandra D. Murphy, J.), dated November 24, 2021, and (2) an order of the same court dated June 27, 2022. The order dated November 24, 2021, insofar as appealed from, denied those branches of the defendant's motion which were for summary judgment dismissing the complaint and declaring that the plaintiff does not have an easement over the defendant's property and for leave to enter a default judgment against the plaintiff on a counterclaim alleging trespass. The order dated June 27, 2022, insofar as appealed from, denied those branches of the defendant's motion which were for leave to renew certain branches of the defendant's prior motion, to vacate a preliminary injunction, and pursuant to CPLR 3126 to strike the complaint.
ORDERED that the order dated November 24, 2021, is modified, on the law, (1) by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment declaring that the plaintiff does not have an easement by necessity over the defendant's property, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing the third cause of action, and substituting therefor a provision granting that branch of the motion; as so modified, the order dated November 24, 2021, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings on the complaint, and thereafter the entry of a judgment, inter alia, declaring that the plaintiff does not have an easement by necessity over the defendant's property; and it is further,
ORDERED that the order dated June 27, 2022, is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff and the defendant are the respective owners of two abutting parcels of real property located in Yonkers. There is an apartment building situated on the plaintiff's property, with a parking area located directly behind the building. Access to the parking area is through a driveway tunnel located on the defendant's property. A dispute arose when the defendant posted a sign advising the plaintiff and the plaintiff's tenants that access to the parking area via the [*2]defendant's property would be closed effective September 15, 2020.
In September 2020, the plaintiff commenced this action, asserting a first cause of action for a judgment declaring that the plaintiff has an easement by prescription over the defendant's property, a second cause of action for a judgment declaring that the plaintiff has an easement by necessity over the defendant's property, and a third cause of action for sanctions and related relief. The Supreme Court granted a preliminary injunction restraining the defendant from blocking access to the driveway tunnel on the defendant's property. The defendant interposed a verified answer with counterclaims, including one alleging trespass.
In August 2021, the defendant moved, inter alia, for summary judgment dismissing the complaint and declaring that the plaintiff does not have an easement over the defendant's property and for leave to enter a default judgment against the plaintiff on the counterclaim alleging trespass. The plaintiff opposed the motion. In an order dated November 24, 2021, the Supreme Court, among other things, denied those branches of the defendant's motion.
In December 2021, the defendant moved, inter alia, for leave to renew certain branches of its prior motion, to vacate the preliminary injunction, and pursuant to CPLR 3126 to strike the complaint due to the plaintiff's failure to appear for a deposition. The plaintiff opposed the motion. In an order dated June 27, 2022, the Supreme Court, among other things, denied those branches of the defendant's motion. The defendant appeals from the order dated November 24, 2021, and the order dated June 27, 2022.
A party asserting an easement by necessity must establish "that there was a unity and subsequent separation of title, and that at the time of the severance, an easement over the servient estate was absolutely necessary to obtain access to the party's land. The necessity must exist in fact and not as a mere convenience, and must be indispensable to the reasonable use of the adjacent property" (Faviola, LLC v Patel, 114 AD3d 823, 824 [internal citations omitted]; see Simone v Heidelberg, 9 NY3d 177, 182; Creagan v Stein, 191 AD3d 942, 944). Here, the defendant demonstrated that the subject easement was not necessary to the beneficial enjoyment of the land, "[s]ince access to off-street parking is a mere convenience" and not a necessity (Bonadio v Bonadio, 200 AD3d 747, 749; see Simone v Heidelberg, 9 NY3d at 182; Bolognese v Bantis, 215 AD3d 616, 621), and the plaintiff failed to raise a triable issue of fact in opposition. Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment declaring that the plaintiff does not have an easement by necessity over the defendant's property.
"To acquire an easement by adverse possession or an easement by prescription, it must be shown that the use was hostile, open and notorious, and continuous and uninterrupted for the prescriptive period of 10 years" (Isnady v Walden Preserv., 208 AD3d 568, 570 [internal quotation marks omitted]; see Panday v Allen, 187 AD3d 775, 777). Here, the defendant failed to establish, prima facie, that the plaintiff did not openly, notoriously, and continuously use the easement for a period of 10 years (see DiDonato v Dyckman, 166 AD3d 942, 944; Old Town Tree Farm, Inc. v Long Is. Power Auth., 101 AD3d 692, 692-693). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment declaring that the plaintiff does not have an easement by prescription over the defendant's property.
The Supreme Court, however, should have granted that branch of the defendant's motion which was for summary judgment dismissing the third cause of action, as New York does not recognize an independent cause of action for sanctions under either CPLR 8303-a or 22 NYCRR 130-1.1 (see North Flatts LLC v Belkin Burden Goldman, LLP, 217 AD3d 427, 428; Wells Fargo Bank, N.A. v Mitselmakher, 197 AD3d 781, 782).
Contrary to the defendant's contention, the Supreme Court properly denied that branch of the defendant's motion which was for leave to enter a default judgment against the plaintiff on the counterclaim alleging trespass, since the defendant failed to establish the facts constituting that counterclaim (see Xu v Van Zwienen, 212 AD3d 872, 873; 799 Crown St., LLC v Leblanc, 203 AD3d 1117, 1118-1119).
The Supreme Court properly denied that branch of the defendant's motion which was for leave to renew certain branches of its prior motion. A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (id. § 2221[e][3]; see Carmike Holding I, LLC v Smith, 180 AD3d 744, 747). Here, the defendant failed to submit any new facts that would change the prior determination (see Makropoulos v City of New York, 187 AD3d 885, 888; Vines v City of New York, 155 AD3d 920, 921).
The defendant's remaining contentions are either not properly before this Court or without merit.
In light of our determination, and since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Westchester County, for further proceedings on the complaint, and thereafter the entry of a judgment, inter alia, declaring that the plaintiff does not have an easement by necessity over the defendant's property (see Lanza v Wagner, 11 NY2d 317, 334).
BRATHWAITE NELSON, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court