Matter of Vigliotti v Nia (2025 NY Slip Op 02592)

Matter of Vigliotti v Nia

2025 NY Slip Op 02592

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2024-07741
 (Index No. 836/23)

[*1]In the Matter of Malynda Vigliotti, respondent,
v
Sam Nia, appellant.

Law Offices of Bernard D'Orazio & Associates, P.C., New York, NY (Steven G. Yudin of counsel), for appellant.
Green Durcan & Weiner, PLLC, Freeport, NY (Jeffrey K. Weiner of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel Sam Nia to remove a fence he installed adjacent to the petitioner's property so as to allow the petitioner access to her crawl space and water and gas lines, Sam Nia appeals from judgment of the Supreme Court, Nassau County (Rhonda E. Fischer, J.), entered April 19, 2024. The judgment, insofar as appealed from, granted the petition and directed Sam Nia to remove the fence "forthwith."
ORDERED that the judgment is affirmed insofar appealed from, with costs.
The petitioner and Sam Nia (hereinafter the appellant) are neighbors with adjoining houses located 24 inches apart. The houses are depicted on an "original" survey map based on a map filed in January 1917.
The instant dispute arose when, in June 2023, the appellant placed a wooden fence on his property, adjacent to the boundary with the petitioner's property, within the 24-inch space between the two houses. The fence blocked access to the entrance to the petitioner's crawl space, water line, and gas line. The fence was constructed pursuant to a permit, which states that the fence "may not obstruct any legal easement."
In November 2023, the petitioner, acting pro se, commenced this proceeding pursuant to CPLR article 78 to compel the appellant to remove the fence, alleging that the petitioner needed the fence removed in order to access her crawl space to turn off the water during the winter so the pipes would not freeze. The appellant argued in opposition that there was no proof of any easement or restrictive covenant. In reply, the petitioner stated that the two houses were built in 1917, as depicted on the "original" survey, and that the petitioner's property was benefitted by an implied easement or easement by necessity over the 24-inch space between the two houses.
In a judgment entered April 19, 2024, the Supreme Court, inter alia, granted the petition and directed the appellant to remove the fence "forthwith" on the grounds that the fence interfered with access to the petitioner's water shut-off valve and violated "the easement between the residences." This appeal ensued.
The petitioner contends that she has an easement by necessity to use the appellant's half of the 24-inch space between the houses to access her crawl space, water line, and gas line. "The party asserting an easement by necessity bears the burden of establishing by clear and convincing evidence that there was a unity and subsequent separation of title, and . . . that at the time of severance an easement over [the servient estate's] property was absolutely necessary. Significantly, the necessity must exist in fact and not as a mere convenience and must be indispensable to the reasonable use for the adjacent property'" (Bolognese v Bantis, 215 AD3d 616, 621, quoting Simone v Heidelberg, 9 NY3d 177, 182 [emphasis omitted]). The necessity must have existed at the time of severance (see Simone v Heidelberg, 9 NY3d at 182). The petitioner met that burden.
The appellant contends that the petitioner can realign her water pipes and gas lines. Thus, the appellant acknowledges that, because of the fence, structural changes to the petitioner's house may be necessary, indicating that the fence does not create a mere inconvenience, but rather, blocks an easement by necessity.
The appellant's remaining contentions either are without merit or need not be addressed in light of our determination.
In view of the foregoing, we affirm the judgment insofar as appealed from.
BARROS, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court